COLONIAL & U. S. MORTGAGE CO., APPELLANT, v. ABSALOM FOUTCH ET AL., APPELLEES.

[FILED JANUARY 27, 1891.]

Complete Record: WAIVER. Under section 444 of the Code it is the duty of the clerk to make a complete record of a case as soon as it is finally determined unless such record or some part thereof be duly waived. To constitute a waiver of such record

it is necessary that both the plaintiff and defendant, at the term in which the final judgment is rendered, agree that no such record shall be made.

APPEAL from the district court for Holt county. Heard below before HOPEWELL, J.

*Frank McNulty,* for appellant, cited: *Sutcliffe v. State,* 18 O., 469; *Lessee of Morgan v. Burnet,* 18 Id., 535; *Lessee of Mitchell v. Eyste,* 7 Id., 257; *Newman v. Cincinnati,* 18 Id., 323.

*H. M. Uttley, contra.*

MAXWELL, J.

The question to be determined in this case is, Can the plaintiff in an action of foreclosure where default is made by all the defendants, and after decree by the district court upon the pleadings, waive the making of a complete record of the proceedings had in said cause, by filing in the court with the clerk at the time of the trial and decree, or at any time thereafter, a written notice of the waiving of a complete record?

Section 444 of the Code provides that:

"The clerk shall make a complete record of every cause as soon as it is finally determined, unless such record, or some part thereof, be duly waived.

"Sec. 445. He shall make up such record in each cause, in the vacation next after the term at which the same was determined, and the presiding judge of such court shall, at its next term thereafter, subscribe the same.

"Sec. 446. The records shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court; but if the items of an account, or the copies of a paper attached to the pleadings be voluminous, the court may order the record to be made by

abbreviating the same, or inserting a pertinent description thereof, or by omitting them entirely. Evidence must not be recorded.

" Sec. 447. When the judicial acts or other proceedings of any court have not been regularly brought up and recorded by the clerk thereof, such court shall cause the same to be made up and recorded within such time as it may direct. When they are made up, and upon examination found to be correct, the presiding judge of such court shall subscribe the same.

" Sec. 448. No complete record shall be made: First— In criminal prosecutions where the indictment has been quashed, or where the prosecuting attorney shall have entered a *nolle prosequi* on the indictment. Second—In cases where an action has been dismissed without prejudice to a future action. Third—In actions in which, in open court, at the term at which the final order or judgment shall be made, both parties shall declare their agreement that no record shall be made."

The court below held that the plaintiff alone could not waive a complete record. To authorize such waiver it is necessary that both the plaintiff and defendant waive the same. The object of a complete record is to preserve in a permanent form the petition, process, return thereon, and the pleadings subsequent thereto, together with the verdict, report, order, judgment, and all material acts and proceedings of the court in the action. This frequently becomes important to the defendant in order to determine what was at issue and the points decided. Otherwise, in case of loss of papers the rights of the party might be prejudiced. The statute seems to require a complete record in every case unless waived by both the plaintiff and defendant at the term at which the final order or judgment is rendered. As no waiver of both the parties is shown in this case the judgment of the court below is right and is

AFFIRMED.

THE other judges concur.