JESSIE JOHNSON, APPELLANT, V. SENA E. RAWLS ET AL., APPELLEES.

FILED FEBRUARY 20, 1894.  No. 5493.

Complete Record: WAIVER: MORTGAGE FORECLOSURE. In an action to foreclose a mortgage it is the duty of the clerk of the district court to make a complete record of the case, unless the same, or some part thereof, is waived by all parties to the suit during the term at which the decree is rendered.

APPEAL from the district court of Dawes county. Heard below before KINKAID, J.

*Spargur & Fisher,* for appellant.

*A. W. Crites, contra.*

NORVAL, C. J.

This is an appeal from a decree of foreclosure of a real estate mortgage. A single question is presented for review, namely, did the district court err in not directing that a complete record of the proceedings in the case be not made? The precise point was made and decided in *Colonial & United States Mortgage Co. v. Foutch,* 31 Neb., 282. In that case, which was an action of foreclosure, the plaintiff alone waived the making of a complete record by the clerk of the district court. This court construed sections 444 to 448, inclusive, of the Code of Civil Procedure and held that it was the duty of the clerk to make a complete record of the case, unless such record be waived by both parties at the term the judgment is rendered. This case falls squarely within that decision. Here the complete record was waived by the plaintiff and two of the defendants, J. L. Browne, assignee, and the Western Farm Mortgage Company. The latter was the mortgagee. The other two defendants, Sena E. Rawls and James Rawls, who were the mortgagors, did not consent to such waiver. They had a right to insist that a complete record be made by the clerk, and inasmuch as they did not waive the making thereof, the decision of the trial court was right. The judgment is

AFFIRMED.